Honorable Neal T. `Buddy' Jones 66th Judicial District Attorney P. O. Box 400 Hillsboro, Texas 76645
Re: Legality of a county commissioner receiving stipend for expenses while serving as volunteer coach for a junior college.
Dear Mr. Jones:
You request our opinion about the legality of a county commissioner in Hill County receiving an expense reimbursement from Hill Junior College District. Commissioner Kenneth Davis volunteered his services as girl's basketball coach to Hill Junior College, asking only that his traveling expenses be reimbursed. He estimated he would be making an average of 39 trips monthly between his home and the college, a distance of 22 miles, at a cost at 16 cents per mile. He submitted the estimated budget `for expense reimbursement only.' The Board of Regents officially noted the offer, noted that Mr. Davis had agreed to `no salary, stipend, or other emolument, other than reimbursement for direct expenses,' and resolved to accept the services of Mr. Kenneth Davis as coach of the women's basketball programs, and [to] reimburse him, on a monthly basis, a sum of $135 for direct travel expenses, effective September 1, 1978.
As indicated in Attorney General Opinion H-992 (1977), a person may receive a lump-sum expense reimbursement from a governmental body; however, the sum set must be premised on fact and reasonable calculation. See, e.g., Attorney General Opinion V-1525 (1952). Certainly, if there is reimbursement for each mile actually driven, there is no question that the reimbursement is for expenses only. If a lump-sum is utilized, there will be a factual question as to whether the sum has a basis in fact and reasonable calculation.
If the agreement is actually for reimbursement of expenses there is no violation either of article 2, section 1 or article 16, section 40 of the Texas Constitution. Compare Texas Turnpike Authority v. Sheppered, 279 S.W.2d 302, 308 (Tex. 1955) (reimbursement per V.T.C.S. art. 6674v of actual expenses incurred by director of agency does not constitute office one of emolument) with Willis v. Potts, 377 S.W.2d 622 (Tex. 1964) (office commanding fixed amount of $10 per week is a lucrative office).
 SUMMARY
A county commissioner may serve as a volunteer basketball coach for a public junior college district so long as he is reimbursed for expenses only.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by C. Robert Health Assistant Attorney General